✎ AO 472  (Rev. 12/03) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

**WESTERN** District of **KENTUCKY**

**UNITED STATES OF AMERICA**

V.

**YALEXI RUIZ**

*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case  **3:16MJ-411**

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  ☐ an offense for which the maximum sentence is life imprisonment or death.
  ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

(1) There is probable cause to believe that the defendant has committed an offense
  for which a maximum term of imprisonment of ten years or more is prescribed in   **21 U.S.C. 841**   .
  ☐ under 18 U.S.C. § 924(c).
✔ (2) The defendant has not rebutted the presumption established by finding (1) that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

✔ (1) There is a serious risk that the defendant will not appear.
✔ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.
The Defendant waived a preliminary hearing on the criminal complaint, stipulating probable cause to believe that he possessed with intent to distribute seven kilos of methamphetamine. For the reasons fully stated on the record, the Court finds the Defendant to be a risk of flight due to his minimal ties to the community and strong and recent ties to Cuba. The amount of methamphetamine in the Defendant's possession make him a particular danger to the community and raise the reasonable inferences that he is a major player in a distribution organization that has the resources to aid the Defendant in flight to avoid prosecution.

### Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ✔ clear and convincing evidence ✔ a preponderance of the evidence that there are no conditions or combination of conditions that would reasonably assure Defendant's appearance at future court proceedings and that he would not be a danger to the community if released.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).