UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA                                                          PLAINTIFF

v.                                                            CRIMINAL ACTION NO. 3:16-CR-93-DJH

YALEXI RUIZ                                                                          DEFENDANT

MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR EXCULPATORY MATERIAL

The Government's production of favorable evidence is governed by the landmark decision of *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the Supreme Court held that the prosecutor's failure to disclose, at the accused's request, evidence favorable to the defense, constituted a denial of due process. The exculpatory evidence must be disclosed regardless of whether such material would be admissible at trial. *Giles v. Maryland*, 386 U.S. 66 (1967).

Moreover, disclosure of information favorable to the Defendant should be timed to enable effective preparation for trial. The *Brady* doctrine *includes* the right to *pretrial discovery* by the Defendant of such evidence. Courts have recognized that disclosure of favorable evidence, to be effective, must be made at a time when the disclosure would be of value to the accused. In *United States v. Agurs*, 427 U.S. 97, 108 (1976), the Supreme Court found that where there is a doubt as to whether particular evidence falls within the ambit of the *Brady* rule, "the prudent prosecutor will resolve doubtful questions in favor of disclosure." Where the prosecutor is in doubt, it may be appropriate to submit items of evidence to the court for an in camera inspection.

In the instant case, pretrial disclosure of favorable *Brady* information should be ordered so that the Defendant can conduct appropriate investigation and interviews and otherwise fully

prepare for trial. In addition, disclosure of this evidence prior to trial will help avoid unnecessary delays in the actual trial.

A specific request for all available *Brady* information would be impossible since much of the material would be unknown to the Defendant. Moreover, such a requirement is not required under *Agurs*, *supra*. However, the required disclosure and production should include, but not be limited to, the following evidence:

1. A list of all persons interviewed by the Government's agents who provided information related to the subject matter of the charges in the indictment and who will <u>not</u> be called as a witness by the Government. This list should include the addresses of such persons.

2. Any and all written statements or summaries in the possession of the Government of the person(s) described above in numerical paragraph one.

3. All documents, testimony or other information, from any source whatsoever, the existence of which is known or by the exercise of due diligence may become known, to the Government, which is or may be favorable to the Defendant either through an indication of his innocence, or bearing upon either the credibility or potential impeachment of any Government witness. This includes information regarding pending criminal, civil or other investigation, of other potential Government witnesses, information which evidences other crimes, wrongs or acts of present or past misconduct of any kind by such Government witnesses, and past or present psychiatric care for any Government witness.

4. The criminal "rap sheets" of all witnesses the Government intends to call to testify.

5. All documents, testimony or other information, the existence of which is known or by the exercise of due diligence may become known to the Government which show, tend to

show, or from which a reasonable person could infer that:

    (i)    Any fact that the Government seeks to prove at trial that is or may be untrue.

    (ii)    Any potential Government witness who made statements inconsistent with the allegations in the indictment and/or with what his trial testimony will be or which bear upon the credibility of such witness.

    (iii)    Any other person who made statements inconsistent with the allegations in the indictment and/or with the expected testimony of any Government witness, regardless of whether the Government intends to call said person as a Government witness.

    (iv)    Any and all documentary evidence that exists which contradicts or is inconsistent with the allegations in the indictment or the expected testimony of any Government witness.

6.    All documents, memorandum or correspondence which reflect or refer to the existence, substance or manner of execution or fulfillment of any promises, agreements, understandings or arrangements, either oral or written, between the Government and any person or organization whom the Government intends to call as a witness, or the attorneys or representatives of any such person or organization, wherein the Government has agreed or offered (1) not to prosecute such person or organization for a particular crime or crimes;  (2) to seek or obtain a formal grant of immunity in connection with testimony given by any such person; or (3) to make any other recommendation of benefit or to provide any other assistance to such person or organization.  This request includes any and all letters written or to be written for the benefit of any Government witness.

7.    Any writings which refer or relate to any authorization, request for authorization,

or a formal grant of immunity for any person regardless of whether the Government intends to call said person as a Government witness at trial.

8. Any report or underlying work papers thereof of any expert testimony, scientific tests, accounting analysis, computer run analysis, or any other examination performed by the Government upon any evidence or testimony in this matter.

9. The history or performance record of any law enforcement agents who participated in the investigation of this matter including any disciplinary action taken against them.

10. Any statements whether written or oral, of any co-conspirator (indicted or unindicted), including reports of Government agents which summarize such statements.

11. Any notes, memorandum, summaries, reports or statements of any kind, prepared in connection with the investigation of this case which are in any way favorable to the defense, including notes prepared by the Government, or any of its agents in connection with either the review of documents or their interviews or other conversations with witnesses or other individuals connected with the investigation of this matter.

12. Evidence obtained from or relating to any Government informants which is exculpatory in nature.

13. A list of documents in the possession of the Government which will not be introduced into evidence.

14. Any other documents, testimony, or other information the existence of which is known, or by the exercise of due diligence may become known, to the Government which show, or tend to show, information favorable to the Defendant.

It is respectfully requested that the court's order requiring the Government to produce

favorable evidence to the Defendant, provide that the Government is under a continuing obligation to furnish such evidence as may or should come to its attention through the course of its preparation and trial of this case.

**WHEREFORE**, the Defendant, requests that his motion for disclosure of exculpatory evidence be granted.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com