**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                          **PLAINTIFF**

**v.**                                           **CRIMINAL ACTION NO. 3:16-CR-93-DJH**

**YALEXI RUIZ**                                                                **DEFENDANT**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION
FOR DISCLOSURE OF IMPEACHING INFORMATION
\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\***

Due process requires that the Government cannot suppress evidence that is either favorable to the accused or that discredits the Government's case. Upon request, the Government must disclose all such information to the accused or his attorney. *United States v. Agurs*, 427 U.S. 97, 106 (1976). See also, *Brady v. Maryland*, 373 U.S. 83 (1963). Indeed, the Government has a constitutional obligation and duty to provide defense counsel with such exculpatory information even when no specific request has been made. See *United States v. Agurs, supra*. This requirement of candor by the Government encompasses information which bears upon the credibility of Government witnesses, as well as upon matters more directly material to guilt or innocence. *Giglio v. United States*, 405 U.S. 150, 153-54 (1972); *Napue v. Illinois*, 360 U.S. 264, 269 (1959). As stated by the Supreme Court in *Napue*:

> The jury's estimate of the truthfulness and reliability of a given witness may well be determinative of guilt or innocence, and it is upon such subtle facts as the possible interest of the witness in testifying falsely that a defendant's life or liberty may depend. 360 U.S. at 269.

In light of the above authorities, the Defendant requests the Government to produce all favorable evidence to him on issues of guilt, innocence, or punishment, including, but not limited to:

1. The name, address and telephone number of any person who has given information exculpatory to the Defendant and any writings, recordings and photographs or other such proof relating thereto.

2. Criminal records and/or information of all witnesses whom the Government expects to call at the trial of this case or at any hearing in connection with this matter, including, but not limited to, felony convictions, guilty pleas and guilty verdicts involving dishonesty or false statements.

3. All records and information revealing prior misconduct or bad acts known to the Government to be attributed to any witness, including Government agents, to be called by the Government.

4. All writings, recordings or other information relating to "bargains" offered or consummated with any co-conspirator, co-defendant or witness by the Government.

5. All correspondence from representatives of the Government on behalf of any of the witnesses seeking special consideration or favors from said witnesses.

6. Records of all funds paid by the Government to confidential informants or other Government witnesses.

7. All information, including writings and recordings, about any recommendations or efforts by any representative of the Government to obtain or facilitate the release from any jail, prison or other place or form of custody or incarceration (including but not limited to both pre-conviction and post-conviction recommendations regarding bail or other conditions of relief) of

any co-conspirator, co-defendant, witness or other person who has knowledge about the facts or circumstances of this matter.

   8. Any and all consideration or promises of consideration, other than those specific requests elsewhere in this motion, and the date thereof such consideration, given to or on behalf of any witness or expected by any witness, and any and all records, files, documents or other information related thereto.  "Consideration" refers to anything of value or use, including but not limited to:

    (a) Criminal, civil or tax immunity grants;

    (b) Relief from forfeitures;

    (c) Assistance or favorable treatment or recommendations with respect to any criminal, civil, tax court, court of claims, administrative or other legal dispute with the Government  (federal, state or local) or any other party;

    (d) Special witness fees or other special and extra-ordinary consideration or benefit for any witness;

    (e) Placement in the "witness protection program;"

    (f) Anything else which could arguably reveal an interest or bias of any witness in favor of the Government or against the Defendant or any inducement to testify or to color said testimony.

   9. All records of information relating to threats, whether expressed or implied, made to any person in an effort, whether successful or not, to obtain testimony of such individuals against the Defendant in this matter.  Evidence of threats includes, but is not limited to, criminal prosecutions, investigations, or potential prosecutions pending or which could be brought against such individuals; any probationary, parole or deferred prosecution status of any Government

witness; and any civil, tax court, Court of Appeals, administrative, or other pending or potential legal dispute or transactions with the Government or any such individual.

As demonstrated above these discovery requests are authorized by law and should be disclosed to the Defendant prior to trial.

**WHEREFORE** the Defendant respectfully requests the court to order the Government to furnish him the above discovery requests prior to trial so that he can make effective use of the material in his defense.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com