**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

**v.**                                                              **CRIMINAL ACTION NO. 3:16-CR-93-DJH**

**YALEXI RUIZ**                                                                                       **DEFENDANT**

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR**
**ORDER REQUIRING THE GOVERNMENT TO**
**GIVE NOTICE OF ITS INTENTION TO USE EVIDENCE OF OTHER**
**CRIMES, WRONGS OR BAD ACTS**

In *Dennis v. United States*, 384 U.S. 855, 870-71 (1966), the Supreme Court recognized a liberal policy of discovery and stated "there is a growing realization that disclosure, rather than suppression, of relevant materials ordinarily promotes the proper administration of justice . . . ."

In the instant case, the Defendant seeks an order requiring the Government to give notice of its intention to use and to produce "other act" evidence both in its case in chief and in rebuttal. The Defendant also seeks notice of any intention by the Government to use evidence of "specific instances of wrongful conduct" in cross-examination. Unless the Government informs the Defendant prior to trial of any and all "other act" evidence it intends to use, either in its case in chief, on cross-examination, or in its case in rebuttal, the Defendant's ability to prepare his defense to charges not contained in the indictment, as well as those that are, will be seriously impaired.

Courts have recognized that giving an accused notice of the Government's intention to use "other act" evidence prior to trial helps facilitate matters during the trial. *United States v.*

*Climatemp*, 482 F. Supp. 376 (N.D. Ill. 1979).

     Pretrial notification by the Government of its intent to use evidence such as "other act" evidence is an advisable procedure that the court should implement whenever practical. In this case, the Government has investigated this case for a substantial period of time and is in a position to determine whether "other act" evidence exists and whether it intends to use such evidence in its case. The Government's failure to inform the Defendant of whether it intends to use such evidence in its case in chief, its cross-examination, or in its case-in-rebuttal, will cause undue prejudice to the Defendant, as well as surprise and delay to this matter.

     **WHEREFORE**, this court should order the Government to give Pretrial notice of its intention to use evidence of other crimes, wrongs, or bad acts evidence in any aspect of its case.

                  Respectfully Submitted,

                  /s/ Patrick J. Renn
                  Counsel for Defendant
                  600 West Main Street, Suite 100
                  Louisville, Kentucky 40202
                  (502) 540-5700
                  (502) 568-3600 (fax)
                  prenn@600westmain.com