UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                                        CRIMINAL ACTION NO. 3:16-CR-93-DJH

YALEXI RUIZ                                                                      DEFENDANT

### RESPONSE TO MOTION FOR DISCLOSURE OF INFORMANTS

### ELECTRONICALLY FILED

Yalexi Ruiz has moved this Court to enter an order requiring the United States to provide him with pretrial disclosure of the identity of informants (DN 31). The United States objects

Ordinarily, the United States may withhold the identity of informants subject to the "fundamental requirements of fairness." Roviaro v. United States, 353 U.S. 53, 60 (1957). Disclosure is required only when "an informant's identity, or the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." Id. at 60-61. The defendant's "right to prepare his defense" must be balanced against the "public interest in protecting the flow of information." Id. at 62.

The United States recognizes its duty to disclose the identity of an informant who has played an active part in the alleged crime. United States v. Sharp, 778 F.2d 1182, 1186 n.2 (6th Cir. 1985). In particular, the United States must identity informants when they participate in the exchange of contraband by the defendants while serving as an informer. United States v. Barnett, 418 F.2d 309, 311 (6th Cir. 1969) ("[I]t is significant that the informer did not merely

provide a 'tip' for the Government, but he was present and participated with the Government agent throughout the alleged sale.").

However, if the United States plans to call an informant as a witness during trial, then the United States may wait until trial to identify the informant.  <u>United States v. Perkins</u>, 994 F.2d 1184, 1190-91 (6th Cir. 1993).  The United States acknowledges an informant in this case.  It is anticipated that the individual will be called as a witness at trial.   The well-settled rule of this judicial circuit is that "defendants are not entitled to the names of government witnesses in advance of trial."  <u>United States v. Hawkins</u>, 969 F.2d 169, 178 (6th Cir. 1992) (citing <u>United States v. McCullah</u>, 745 F.2d 350, 353 (6th Cir. 1984)).  "Even if one argues that broader discovery rules in this area 'might be desirable, the Constitution surely does not demand as much.'"  <u>McCullah</u>, 745 F.2d at 353 (quoting <u>United States v. Agurs</u>, 427 U.S. 97, 109 (1976)).

Therefore, pretrial disclosure of the informant's identity is not required and the defendant's motion should be denied.

        Respectfully submitted,

        JOHN E. KUHN, JR.
        United States Attorney

         s/Robert B. Bonar
        Assistant U.S. Attorney
        717 West Broadway
        Louisville, Kentucky  40202
        Email:  robert.bonar@usdoj.gov
        FAX: (502) 625-7062

## CERTIFICATE OF SERVICE

      I hereby certify that on October 17, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following: Patrick J. Renn, counsel for Yalexi Ruiz.

                                  s/Robert B. Bonar
                                  Assistant U.S. Attorney