UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**                                                **PLAINTIFF**

v.                                                    **CRIMINAL ACTION NO. 3:16-CR-93-DJH**

**YALEXI RUIZ**                                                **DEFENDANT**

## MOTION AND MEMORANDUM TO SUPPRESS EVIDENCE

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, **YALEXI RUIZ** (hereinafter "Ruiz")**,** by counsel, pursuant to the Fourth, Fifth and Sixth Amendments to the United States Constitution, and respectfully moves the Court to suppress all evidence obtained, directly or indirectly, as a result of a search, pursuant to warrant, executed at 5405 Minyard Drive, Louisville, Kentucky. As grounds for this motion, Ruiz states as follows:

On August 4, 2016 at 10:52 p.m. a detective with the Louisville Metro Police Department (LMPD) presented an affidavit for search warrant to a Louisville, Kentucky State Court Judge. The affidavit claimed there was probable cause to search 5405 Minyard Drive, Louisville, Jefferson County, Kentucky 40219 for methamphetamine and other Schedule I narcotics. In addition, the affidavit requested the authority to search for additional items, including: drug paraphernalia; records of drug activity and concealment; journals, cellular phones, address books which may contain the identities of suppliers or buyers of narcotics; statements as to financial status; firearms or other weapons; and all currency attributable to the sale of controlled substances.

The affidavit stated a traffic stop was conducted of a silver Ford pickup being driven by Ruiz.

Although the affidavit noted a traffic stop, it failed to disclose the reason for the traffic stop. The affidavit *falsely* claimed Ruiz gave officers "consent" to search the vehicle. Further, the affidavit claimed LMPD was familiar with the address from a "prior search warrant at the location" and "informant information" that the address was utilized as a "stash location" for large scale drug traffickers. The affidavit claims, without any specific facts, that "Ruiz utilizes the residence to stash large amounts of drugs and drug proceeds...." There is no foundation for the statement that "Ruiz" utilizes the residence to stash drugs and drug proceeds. Further, the affidavit failed to include any date for the "prior search warrant" at the location or "informant information." Accordingly, all the information, even if proven, is stale.

Based on the affidavit, a warrant was issued for the premises. During the execution of the warrant, law enforcement officers searched and seized evidence outside the scope of the warrant. Specifically, officers searched a shed in the rear of the premises that was not identified in the warrant. Three suspected kilograms of methamphetamine were seized from the shed.

Accordingly, based on the lack of probable cause; the staleness of information; and the search outside the scope of the warrant, all evidence seized during the search should be suppressed, as well as all evidence obtained, directly or indirectly, therefrom.

                            Respectfully Submitted,

                            /s/ Patrick J. Renn
                            Counsel for Defendant
                            600 West Main Street, Suite 100
                            Louisville, Kentucky 40202
                            (502) 540-5700
                            (502) 568-3600 (fax)
                            prenn@600westmain.com

## CERTIFICATE OF SERVICE

  I hereby certify that on October 19, 2016, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

         /s/ Patrick J. Renn
         Counsel for Defendant
         600 West Main Street, Suite 100
         Louisville, Kentucky 40202
         (502) 540-5700
         (502) 568-3600
         prenn@600westmain.com