UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                                         PLAINTIFF

v.                                                                   CRIMINAL ACTION NO. 3:16-CR-93-DJH

YALEXI RUIZ                                                                                       DEFENDANT

### UNITED STATES' RESPONSE TO DEFENDANT'S
### MOTION TO REVOKE DETENTION ORDER

*Electronically filed*

Yalexi Ruiz has moved this Court to revoke the order of detention in this case and asks that he be released following an evidentiary hearing (DN 32, Motion for Review of Detention Order). The United States objects to the motion because the Magistrate Court was correct in finding that Ruiz presents a serious risk of flight and a serious risk of danger to the community.

### PERTINENT FACTS

On August 4, 2016, officers were conducting surveillance of Ruiz because a confidential informant was meeting with him to pay back an outstanding drug debt of $43,000. Agents had provided the informant with official funds to pay the debt in a controlled transaction. Law enforcement personnel observed Ruiz meet with the informant in a silver Ford "dually' pickup truck and then maintained surveillance of Ruiz as he travelled to separate locations that were known to be associated with narcotics trafficking. After departing 5405 Minyard Drive, a marked police unit stopped the pickup and a trained police K-9 alerted to the presence of narcotics. Police then searched the truck and found four kilograms of methamphetamine and a portion of the official funds provided by the informant to Ruiz earlier in the day. Following the

stop and search, police obtained a search warrant for 5405 Minyard Drive. Police used keys that Ruiz had in his pocket to access a locked shed on the property and a locked tool box inside. The tool box contained approximately three kilograms of methamphetamine.

Police arrested Ruiz and transported him to a detention facility. The following day, agents brought Ruiz to the DEA's Louisville District Office for processing. Agents provided Ruiz with his Miranda rights in Spanish through a police interpreter. Ruiz then gave a statement to agents admitting his involvement with the drugs.

Ruiz was charged by criminal complaint on August 5, 2016. Ruiz waived a preliminary hearing but requested a detention hearing. Following the hearing on August 12, 2016, Magistrate Judge Whalin ordered that Ruiz be detained and found that there were no conditions or combination of conditions that could ensure Ruiz's presence in court or assure that Ruiz would not present a danger to the community. In doing so, the court cited Ruiz's strong and recent ties to Cuba, his minimal ties to the community. Further, the court noted its concern regarding danger due to the amount of methamphetamine possessed by Ruiz.

On August 17, 2016 a federal Grand Jury indicted Ruiz on charges of possession of methamphetamine with the intent to distribute. Ruiz now challenges the Magistrate court's detention order.

## ARGUMENT

Title 18, United States Code, Section 3142(e) creates a rebuttable presumption in favor of detention based on risk of flight and dangerousness when the judicial officer finds that there is probable cause to believe that the person has committed an offense under Title 21, United States Code, section 841(a). The Indictment alone is sufficient to establish probable cause to believe that the defendant committed these offenses. <u>United States v Suppa</u>,799 F.2nd 115, (3rd Cir.

1986). Additionally, even if a defendant presents sufficient evidence to rebut the statutory presumption that he would flee or endanger the safety of the community if released, the effect of the presumption is not completely eliminated. United States v. King, 849 F.2d 485, (11th Cir. 1988). As the 7th Circuit noted in United States v. Portes, 786 F.2d 558, (7th Cir. 1985), "use of the word 'rebut' in this context is somewhat of a misnomer "'because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding militating against release, to be weigh[ed] along with other evidence relevant to factors listed in Section 3142(g)'". Portes, 786 F.2d at 764. (Quoting United States v. Dominguez, 783 F.2d 702, 707, (10th Cir. 1986)).

    The Magistrate Court was correct in detaining Ruiz. He is charged with a very serious offense based on very strong evidence. He had access to large amounts of cash and methaphetamine. It is well known that the illegal narcotic trade is responsible for countless deaths and other violence each year. Methamphetamine in particular is an extremely harmful substance that has ruined countless lives in this community. Even in small amounts methamphetamine is harmful, but that danger grows exponentially with multi-kilogram quantities. Involvement in a high-level methamphetamine transaction such as this one is compelling evidence of an individual's danger to the community. The facts of this case also point to Ruiz as a flight risk. His access to large amounts of cash indicate his ability to flee the jurisdiction easily. Further, Ruiz has strong and recent ties to a foreign country which could also enable his flight.

    Based on these circumstances, the government objects to the release of the defendant and maintains that there is no condition or combination of conditions of release which will reasonably assure that the defendant will not pose a danger to any other person or the community

and the government urges this Court to deny defendant's motion to revoke the release order heretofore entered and to order the defendant detained pending further order of the Court.

## CONCLUSION

The United States respectfully asks this Court to enter an order denying the defendant's motion to revoke the order of detention entered against him on August 12, 2013.

Respectfully submitted,

DAVID J. HALE
United States Attorney

/s/Robert B. Bonar
Assistant U.S. Attorney
510 West Broadway, 10th Floor
Louisville, Kentucky 40202
(502) 582-5911
(502) 582-5067 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that on November 18, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to Pat Renn, counsel for Defendant.

/s/Robert B. Bonar
Assistant U.S. Attorney