```
1                    UNITED STATES DISTRICT COURT
                    WESTERN DISTRICT OF KENTUCKY
2                        LOUISVILLE DIVISION

3
     UNITED STATES OF AMERICA,      )  Case No. 3:16MJ-411
4                                   )
              Plaintiff,            )
5                                   )
     VS.                            )
6                                   )
     YALEXI RUIZ,                   )
7                                   )  August 10, 2016
              Defendant.           )  Louisville, Kentucky
8

9              ****************************************

10               TRANSCRIPT OF DETENTION HEARING
                 BEFORE HONORABLE DAVE WHALIN
11               UNITED STATES MAGISTRATE JUDGE

12             ****************************************

13   APPEARANCES:

14   For United States:         Robert Bonar
                                U.S. Attorney's Office
15                              717 West Broadway
                                Louisville, Kentucky 40202
16
     For Defendant:            Donald J. Meier
17                             Western Kentucky Federal
                               Community Defender, Inc.
18                             620 S. Fourth Avenue, Suite 200
                               Louisville, Kentucky 40202
19
     [Defendant present.]
20
     Interpreter:             Jouhanna Vasquez
21

22                       Alan W. Wernecke, RMR, CRR
                          Official Court Reporter
23                         232 U.S. Courthouse
                         Louisville, Kentucky 40202
24                            502-625-3779
     Proceedings recorded by mechanical stenography, transcript
25   produced by computer.
```

1          (Begin proceedings in open court at 2:45 p.m.)

2              DEPUTY CLERK:  3:16MJ-411, *United States of America v.*

3   *Yalexi Ruiz.*  We are here for a detention hearing.

4              MR. BONAR:  Afternoon, Your Honor.  Rob Bonar for the

5   United States.

6              MR. MEIER:  Don Meier for Mr. Ruiz, who is present,

7   Judge.

8              THE COURT:  All right.  The Government has moved for

9   Mr. Ruiz's detention based on the charge in the criminal

10  complaint.  It is a presumption case, correct?

11             MR. BONAR:  It is, Your Honor.

12             THE COURT:  All right.  Mr. Meier, as you know, you

13  have the initial burden to overcome the presumption.  I'll hear

14  from you first, sir.

15             MR. MEIER:  Thank you, Judge.  We would submit that

16  there are conditions that the Court can place on Mr. Ruiz that

17  would both ensure his reappearance and protect the community.

18     First of all, he has emigrated to the United States legally

19  from Cuba.  After living a brief period in Florida, he came up

20  to the Louisville area because he had an uncle that lived here.

21  He is living here with his girlfriend, long-time girlfriend --

22  I'm not sure how to pronounce it -- Leiva.  It's in the report.

23  They live -- they have an apartment in Yorktown Apartments.

24  They have lived there for quite some time.

25     He's lived in the Louisville area for about two and a half

```
 1   years and has informed me that he has worked steadily the

 2   entire time he's been here.  The place that he's working now

 3   sounds like a mechanic or auto body shop.  He's involved in

 4   painting cars, putting bumpers on them, buying cars from salvage

 5   lots, and that type of thing.  He's been there for about four

 6   months.  But prior to that, he gave me a list of various places

 7   that he had worked, which indicates that he has had steady

 8   employment.

 9      He's lived here for quite some length of time.  He's here

10   legally.  He's in a steady relationship.  He advises me they are

11   hoping to have a child in the near future.  I believe, my

12   understanding is -- I didn't talk to Probation.  I don't know if

13   they have contacted Miss Leiva.

14           PROBATION OFFICER:  Yes, Your Honor, we have contacted

15   her.  There is quite a bit of a language barrier.  She was able

16   to verify some of the information.

17           MR. MEIER:  She is not here in court today.  We have

18   not spoken with her.  If that is a problem, I would just ask

19   that -- maybe we could deal with that if the Court has a problem

20   with that.  It's certainly my understanding, and I have no

21   reason to doubt the fact that she would be wanting him to come

22   back and live there where they have lived for some time.  I have

23   no reason to believe it is not an appropriate placement.  The

24   Court can certainly ask Probation about that.

25      So that, on top of the fact that he has no criminal
```

1    history -- he advises me he has no criminal history both in the

2    United States where he's been for two and a half, three years,

3    or in Cuba.  I don't guess we can verify the Cuba part of it,

4    but the United States part can certainly be verified, and I

5    believe that is reflected in the report.

6        So in short, we have someone who has been here for quite

7    some period of time.  He's here legally.  He can certainly -- I

8    see it's noted that he has a Cuban passport.  He certainly can

9    give that up.  He can be put on monitoring where he just goes to

10   work.

11       It says he doesn't have ties to the community.  If he gives

12   up his passport, the United States, this is the community he has

13   ties to.  This is basically the only place he has lived other

14   than a brief period in Florida.  This is where he knows.  This

15   is where his friends and whatever ties he has to the United

16   States are, here in the community.  Whatever ties he has to

17   Florida -- or to Cuba, he can give up his passport.  He can be

18   put on monitoring.  Given the fact that he's never gotten into

19   legal or criminal difficulties in the past, I see no reason why

20   he would in the future, especially given the fact that he would

21   be monitored closely.

22           THE COURT:  All right, sir.

23       Mr. Bonar.

24           MR. BONAR:  Your Honor, the United States maintains

25   its concerns with respect to Mr. Ruiz's release.  As I stated, I

```
 1    think, two days ago, as outlined in the complaint, Mr. Ruiz was

 2    in possession of a very significant amount of crystal

 3    methamphetamine, four kilos in the truck that he was driving and

 4    another three kilos in a shed inside a toolbox, both of which

 5    Mr. Ruiz had a key to on his person, the shed and the toolbox.

 6    I think that that type of access, or certainly probable cause of

 7    that type of access to that amount of a very dangerous drug

 8    speaks to his danger to the community and also creates a risk of

 9    flight.  There is a substantial penalty he faces.  He has access

10    to a large amount of drugs, or certainly did have access to a

11    large amount of drugs.

12        I'm very concerned, as Probation is, about his lack of ties

13    to this community.  All I'm hearing is that he has a girlfriend

14    here and has employment that the girlfriend corroborated, but

15    wasn't able to corroborate how much he made or actually the

16    location of his employment.  He provided the first name of

17    somebody and a road, Poplar Level Road, where that employment

18    is, but that's kind of sketchy information and it doesn't seem

19    like we have any corroboration of that on top of the girlfriend

20    saying, "Yeah, he's a mechanic."

21        I think those are minimal ties to the community, coupled

22    with the large amount of drugs that are in play in this case,

23    Mr. Ruiz does have ties to a foreign country, I think all of

24    those present both a danger to the community and a risk of

25    flight.
```

```
 1              THE COURT:  All right.  Anything you want to add or

 2    respond to, Mr. Meier?

 3              MR. MEIER:  Nothing further, Judge, no.

 4              THE COURT:  All right.  Well, this is a presumption

 5    case.  The initial burden, as we have discussed, is on Mr. Ruiz

 6    to overcome the presumption by presenting credible evidence that

 7    he's not a risk of flight or danger to the community.

 8         What I have heard offered is a couple of things.  One, the

 9    fact that he believes there are conditions that would provide a

10    reasonable assurance that he would not be a risk of flight or

11    danger to the community.  Also proffered was the fact that he is

12    here legally and has a girlfriend with whom he has been living

13    for about two and a half years and has been working steadily for

14    at least the past four months and apparently beyond that.  The

15    proposition that he would give up his passport is offered as a

16    way to respond to the fact that he has such strong ties in Cuba

17    with family there and traveling there.

18         The problem I'm having with the case is that if I look at,

19    one, the amount of methamphetamine, seven kilograms, that

20    certainly is an indicator of significant drug dealing and access

21    to or association with a significant structure or organization

22    to have that quantity of drugs.  Also, the fact that he has

23    traveled to Cuba, has strong ties there.  And he certainly has

24    incentive to flee, given the substantial penalty he's facing,

25    along with the fact that he has ties to a group or organization
```

```
 1   that could supply that quantity of methamphetamine that also has

 2   the resources that he could possibly take advantage of in order

 3   to flee.

 4       I find that he's not overcome the presumption.  I'm going to

 5   order his detention, remand him to the custody of the Marshal's

 6   Service pending further order of the Court.

 7       Anything else?

 8           MR. BONAR:  Not at this time, Your Honor.

 9           THE COURT:  You have a date when you are going to

10   present it to the grand jury?

11           MR. BONAR:  We do, Your Honor.  We are going to

12   present it at the mid month indictment session for the grand

13   jury here, and I think that the arraignment date --

14           DEPUTY CLERK:  August 25th at 9:30.

15           THE COURT:  Thank you.

16       (Proceedings concluded at 2:55 p.m.)

17

18                    C E R T I F I C A T E

19       I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
     THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
20
      s/ Alan W. Wernecke                   December 15, 2016
21   Alan W. Wernecke, RMR, CRR
     Official Court Reporter
22

23

24

25
```