UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:16-cr-93-DJH

YALEXI RUIZ,     Defendant.

\* \* \* \* \*

### ORDER

Defendant Yalexi Ruiz has filed several motions pertaining to discovery, including a motion to preserve and produce agents' rough notes (D.N. 25); motion to preserve evidence for defense testing (D.N. 26); motion for release of *Brady* materials (D.N. 27); motion for disclosure of impeaching information (D.N. 29); motion requiring the government to give notice of its intention to use evidence of other crimes, wrongs, or bad acts (D.N. 30); and a motion for disclosure of informants (D.N. 31). Ruiz also seeks a motion to file additional motions (D.N. 28).

The Order entered in this case on November 21, 2016, outlines the procedure for disclosure of *Brady* materials, as well as Rule 404(b) evidence and materials subject to disclosure under Rule 16 of the Federal Rules of Criminal Procedure. (D.N. 51) The Order requires the parties to cooperate concerning discovery and file a motion with the Court only if cooperation breaks down. (*See id.*, PageID # 158 (providing that any motion for additional discovery or inspection "*shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful*" (emphasis added))) The United States is already obligated to provide much of the information requested by Ruiz, and there is no indication that a breakdown in cooperation has occurred. For these reasons,

most of Ruiz's motions will be denied. However, for the reasons discussed below, the defendant's motion to preserve evidence for testing and motion to file additional motions will be granted.

**Motion to Preserve Evidence for Defense Testing**

Ruiz requests that the United States "to preserve any and all evidence collected or seized as a result of the investigation of this case so that the evidence can be examined and tested independently by the defense." (D.N. 26) Ruiz adds, "if any such evidence has already been destroyed or exhausted during testing procedures, then the Defendant requests the Court to require the Government to state precisely what piece of evidence was destroyed or exhausted during testing and the date that said destruction or exhaustion occurred and the reason therefore." (*Id.*)

The United States does not object to this motion, but requests "proper measures . . . be taken to ensure the chain of custody of all items tested and the qualifications of any persons testing the seized controlled substance. (D.N. 37, PageID # 106) The United States also asks that an agent of the Drug Enforcement Administration (DEA) be present "while the testing and/or inspection occurs." (*Id.*) Because the United States has no objection, the motion will be granted subject to the government's requests for "proper measures" and the presence of a DEA agent.

**Motion for Leave to File Additional Motions**

Ruiz asks "the Court to grant him ten (10) days from the time that the Government complies with his request for discovery within which to file additional motions." (D.N. 28) Because the United States does not object to this motion, it will be granted.

Accordingly, and the Court being otherwise sufficiently advised, it is hereby

**ORDERED** as follows:

(1)     The defendant's motion to preserve and produce agents' rough notes (D.N. 25); motion for release of *Brady* materials (D.N. 27); motion for disclosure of impeaching information (D.N. 29); motion requiring the government to give notice of its intention to use evidence of other crimes, wrongs, or bad acts (D.N. 30); and a motion for disclosure of informants (D.N. 31) are **DENIED** as moot.

(2)     The defendant's motion to preserve evidence for defense testing (D.N. 26) is **GRANTED**.  The evidence including narcotics alleged to have been possessed by the defendant shall be made available for inspection and weighing by the defendant's expert. The expert shall be permitted to remove the drugs from their packaging and storage material and to weigh the drugs. The inspection and weighing shall take place at a time and place mutually agreeable to the parties, in the presence of an agent of the Drug Enforcement Administration. The defendant will stipulate to an unbroken chain of custody during the period and process of his expert's inspection of the drug evidence.

(3)     The defendant's motion to file additional motions (D.N. 28) is **GRANTED**.

December 22, 2016

**David J. Hale, Judge**
**United States District Court**