UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**UNITED STATES OF AMERICA**                                                                 **PLAINTIFF**

v.                                                                       CRIMINAL ACTION NO. 3:16-CR-93-DJH

**YALEXI RUIZ**                                                                                      **DEFENDANT**

### MOTION AND MEMORANDUM TO SUPPRESS STATEMENTS

*** *** *** *** *** *** ***

Comes the Defendant, **YALEXI RUIZ** (hereinafter "Ruiz"), by counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution, as well as Title 18 United States Code, Section 3501 and Federal Rule of Criminal Procedure 5(a) and respectfully moves the Court to suppress all statements obtained, directly or indirectly, as a result of an unlawful interrogation of Ruiz. As grounds for this motion, Ruiz states as follows:

### I. THE GOVERNMENT FAILED TO SHOW RAMIREZ WAS PRESENTED TO A JUDGE AS REQUIRED BY 18 U.S.C. §3501

Pursuant to Federal Rule of Criminal Procedure 5(a) a defendant who is arrested on federal charges shall be promptly taken before a judicial officer to be presented his constitutional rights. The United States Supreme Court addressed this law in two decisions: McNabb v. United States, 318 U.S. 332 (1943) and Mallory v. United States, 354 U.S. 449 (1957). In McNabb, the court held defendants' confessions were not admissible where the confessions were elicited after they were held in a "barren cell" for fourteen hours and subjected to numerous rounds of questioning over a two day period without being presented to a magistrate. McNabb, 318 U.S. at 344. In Mallory, the court ruled the trial court improperly admitted the defendant's statement where the defendant was not

properly arraigned as required by Rule 5(a). Mallory, 354 U.S. at 455.

In 1968 Congress enacted a statute dealing with this law, specifically, 18 U.S.C. §3501. Pursuant to subsection (a) of the statute any confession shall be admissible in a federal prosecution if it is voluntarily given. Further, subsection ( c) provides a "safe harbor" in federal prosecutions so that no confession obtained within six hours of an arrest - - or longer, if transportation of the arrestee to a magistrate requires a delay - - can be suppressed solely because of delay.

The effect of 18 U.S.C. §3501 on the McNabb/Mallory rule was unclear until the Supreme Court's 2009 decision in Corley v. United States, 129 S.Ct. 1558 (2009). In Corley, the court held that subsection (a) of 3501 was enacted solely to overrule Miranda - - an attempt the court, as noted, it previously rebuffed. Id. at 1564 n.1. Subsection (b) of the statute, on the other hand, limited the McNabb/Mallory rule, providing a six hour period where voluntary confessions could be admitted into evidence, regardless of the reason the suspect was not taken to a magistrate. Corley, 129 S.Ct. at 1566. However, a confession, even a voluntary one, that occurred after that six hour period would be suppressed if the delay in presenting the suspect to the magistrate was either unnecessary or unreasonable. Id.

## FACTS

On August 4, 2016, at approximately 20:40 hours Ruiz was unlawfully stopped and detained while operating a silver Ford pickup truck. According to law enforcement officers, a police detective and his canine searched the silver Ford pickup truck after the canine received a positive alert on the vehicle. Law enforcement officers recovered approximately four kilograms of crystal methamphetamine. Following the seizure, Ruiz was arrested and transported to the Floyd County, Indiana Jail. No attempt was made to present Ruiz to a federal judge.

On the day after Ruiz's unlawful arrest, he was transported by law enforcement officers from

the Floyd County Jail to the Louisville District DEA Office in Louisville, Kentucky. Ruiz was not taken to the federal courthouse to be presented to a federal judge. Further, no attempt was made to timely present Ruiz to a federal judge. Instead, Ruiz was transported to the DEA Office in order to interrogate him. Law enforcement officers claim Ruiz was "read his [constitutional] rights" by an officer trained as a Spanish translator. Law enforcement officers agree Ruiz refused to sign a written waiver of his constitutional rights. To date, Ruiz has not been provided a copy of the written waiver that was allegedly presented to him. Further, no audio or video recording was made of the interrogation. Law enforcement officers claim Ruiz "agreed to answer questions." Ruiz did not voluntarily answer any questions presented to him.

A criminal complaint was filed against Ruiz on August 5, 2016, and Ruiz was finally presented to a federal judge. However, his appearance before the federal judge occurred after his unlawful interrogation.

Accordingly, because Ruiz's unlawful interrogation and alleged statements were made more than six (6) hours after his arrest, all statements obtained, directly or indirectly, should be suppressed.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 23, 2016, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

        /s/ Patrick J. Renn
        Counsel for Defendant
        600 West Main Street, Suite 100
        Louisville, Kentucky 40202
        (502) 540-5700
        (502) 568-3600
        prenn@600westmain.com