UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                                        PLAINTIFF

vs.                                                           CRIMINAL ACTION NO. 3:16CR-93-DJH

YALEXI RUIZ                                                                         DEFENDANT

### RESPONSE TO MOTION TO SUPPRESS STATEMENTS
*Electronically Filed*

Yalexi Ruiz has filed a second motion to suppress the statements he made to law enforcement officers on August 5, 2016 (DN 56, Motion and Memorandum to Suppress Statements). In Ruiz's first motion, he claimed that police improperly stopped his vehicle and later obtained a statement in violation of *Miranda* (DN, 41). The United States objected to that motion, but agreed with Ruiz that an evidentiary hearing was necessary to resolve the factual issues raised.

This time, Ruiz seeks to suppress his statement based on the timing in which he was presented to a magistrate following his arrest. He claims that the DEA violated Rule 5(a) of the Rules of Criminal Procedure which provides that a person arrested for a federal offense must be presented for initial appearance "without unnecessary delay" to either a federal magistrate judge or appropriate state or local judge. Ruiz hopes for relief under the rule of exclusion for unnecessary delay, the so-called "*McNabb/Mallory*" Rule. See generally, *Corley v. United States*, 556 U.S. 303 (2009). In *Corley*, the Supreme Court reconciled Congress's intent in passing 18 U.S.C. §3501(c) with Rule5(a)'s presentment requirement and the McNabb Mallory's Rule of exclusion. The Court held that §3501 modified *McNabb/Mallory* and did not supplant it. *Id*., 556 U.S. at 322. The Court went on to state that:

> [A] district court with a suppression claim must find whether the defendant confessed within six hours of arrest (unless a longer delay was "reasonable considering the means of transportation and the distance to be traveled to the nearest available [magistrate judge]"). If the confession came within that period, it is admissible, subject to the other Rules of Evidence, so long as it was "made voluntarily and ... the weight to be given [it] is left to the jury." *Ibid*. If the confession occurred before presentment and beyond six hours, however, the court must decide whether delaying that long was unreasonable or unnecessary under the *McNabb–Mallory* cases, and if it was, the confession is to be suppressed.

*Id*.

Therefore, this Court should schedule a hearing consistent with the Supreme Court's directives. The United States has already stated that a hearing is necessary to resolve Ruiz's previous claims about his statement. The issues raised in this motion should be addressed at the same hearing. The United States will respond in further detail, if necessary, following the evidentiary hearing.

                Respectfully submitted,

                JOHN E. KUHN, JR.
                United State Attorney

                s/ Robert B. Bonar
                Assistant United States Attorney
                717 West Broadway
                Louisville, Kentucky 40202
                (502) 582-5911

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 6, 2017, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

                s/ Robert B. Bonar
                Assistant United States Attorney