**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**UNITED STATES OF AMERICA**                                                                                    **PLAINTIFF**

**v.**                                                  **CRIMINAL ACTION NO. 3:16-CR-93-DJH**

**YALEXI RUIZ**                                                                                                      **DEFENDANT**

### MOTION IN LIMINE AND MEMORANDUM TO EXCLUDE "LAY" TESTIMONY BY GOVERNMENT EXPERT WITNESS - - SPECIAL AGENT BRIAN SANDERS

\*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\* \*\*\*

Comes the Defendant, **YALEXI RUIZ** (hereinafter "Ruiz"), by counsel, pursuant to the Fifth and Sixth Amendments to the United States Constitution, as well as Criminal Rule 16 and Federal Rules of Evidence 701 and 702, and respectfully moves the Court, in limine, to preclude the Government from eliciting lay witness testimony from a expert witness, namely, DEA Special Agent Brian Sanders. As grounds for this motion, Ruiz states as follows:

In a letter dated January 20, 2017, the Government advised Ruiz that "it would offer testimony from Special Agent Brian Sanders and that while all his testimony would not qualify as 'expert' testimony, some of it may." Based on discovery disclosures from the Government, it appears Special Agent Sanders was involved in the investigation of Ruiz, and which resulted in Ruiz's arrest and the federal Indictment identified above. Thus, Special Agent Sanders, as noted by the Government, may offer *testimony* as an "expert" witness, as well as a "lay" witness. Ruiz objects to the Government offering lay testimony from Special Agent Sanders which, is more appropriately considered expert testimony.

An important issue arises where the Government offers testimony that represents an overlap between lay and expert testimony, particularly where the witness has both specialized knowledge,

and factual information regarding the investigation underlying the pending criminal charges. The Federal Rules of Evidence are concerned with expert and lay *testimony*, as opposed to expert and lay *witnesses*. See Fed.R.Evid. 701 the advisory committee's notes (2000) ("the [2000] amendment [to Rule 701] does not distinguish between expert and lay *witnesses*, but rather between expert and lay *testimony*.") (Emphasis added).

Rule 16(a)(1)(G) of the Federal Rules of Criminal Procedure requires the Government, at the Defendant's request, to provide a written summary of any testimony that the Government intends to use under Rules 702, 703 or 705 of the Federal Rules of Evidence during its case-in-chief at trial -- that is, the Rules governing expert testimony. See Fed.R.Crim.P. 16(a)(1)(G). Rule 701 provides that "[i]f the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and ( c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.[1]

---

[1] Rule 702 provides:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

    (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

    (b) the testimony is based on sufficient facts or date;

    ( c) the testimony is the product of reliable principles and methods; and

    (d) the expert has reliably applied principles and methods to the facts of the case.

"In 2000, the drafters amended Rule 701 to foreclose lay testimony 'based on scientific, technical, or specialized knowledge' - - testimony more properly given by a qualified expert." *United States v. White*, 492 F.3d 380, 400 (6th Cir. 2007). "In amending the Rule, the drafters intended to preclude a party from surreptitiously circumventing 'the reliability requirements set forth in Rule 702... through the simple expedient of proffering an expert in lay witness clothing' and 'ensure[] that a party will not evade the expert witness disclosure requirements set forth in ... Fed.R.Crim.P.16 by simply calling an expert witness in the guise of a layperson.'" *Id*. at 400-01 (quoting Fed.R.Evid. 701 advisory committee's notes (2000)). The Sixth Circuit has acknowledged that "[t]he distinction [between lay and expert testimony] is far from clear in cases where, as here, a witness with specialized or technical knowledge was also personally involved in the factual underpinnings of the case." *Id*. (citations omitted).

Here, Ruiz is concerned about Special Agent Sanders providing testimony, including opinion testimony, based on his technical or specialized knowledge without being designated an expert. The Court should preclude the Government from using Special Agent Sanders as a witness straddling the lay witness - expert witness line, by providing some testimony based on his specialized or technical knowledge, and other testimony based on his involvement in the underlying investigation. Instead, the Government should be required to fully comply with disclosures mandated by Fed.R.Crim.P.16 and F.R.E. 701 and 702.

Accordingly, for the foregoing reasons, Ruiz objects to the Government utilizing testimony from Special Agent Sanders as both an expert and lay witness.

Respectfully Submitted,

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600 (fax)
prenn@600westmain.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on January 27, 2017, I electronically filed with the Clerk of the Court by using the CM/ECF system, which will serve notice of electronic filing to all attorneys of record.

/s/ Patrick J. Renn
Counsel for Defendant
600 West Main Street, Suite 100
Louisville, Kentucky 40202
(502) 540-5700
(502) 568-3600
prenn@600westmain.com