UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**FILED**
VANESSA L. ARMSTRONG, CLERK

MAY 3 1 2017

**U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY**

UNITED STATES OF AMERICA                                                   PLAINTIFF

v.                                              CRIMINAL ACTION NO. 3:16-CR-93-DJH

YALEXI RUIZ                                                               DEFENDANT

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1) (B) of the Federal Rules of Criminal Procedure, the United

States of America, by John E. Kuhn, Jr., United States Attorney for the Western District of

Kentucky, and defendant, Yalexi Ruiz, and his attorney, Patrick Renn, have agreed upon the

following:

1.       Defendant acknowledges that he has been charged in the Indictment in this case

with a violations of Title 21, United States Code, Section 841.  Defendant further acknowledges

that the Indictment in this case contains a forfeiture notice pursuant to Title21, United States

Code, Section 853, by reason of the offense charged in Indictment.

2.       Defendant has read the charges against him contained in the Indictment, and those

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.       Defendant will enter a voluntary plea of guilty to Count 1 in this case.  Defendant

will plead guilty because he is in fact guilty of the charges.  The parties agree to the following

factual basis for this plea:

On August 4, 2016, Yalexi Ruiz possessed approximately four kilograms of methamphetamine hidden inside a bag in the bed of the truck he was driving. Police discovered the methamphetamine after stopping Ruiz while Ruiz was driving to distribute the drugs. Shortly thereafter, the DEA and police executed a search warrant at the residence Ruiz had just departed. During the search, agents found approximately three kilograms of methamphetamine that Ruiz possessed intending to distribute. The methamphetamine was hidden in a toolbox inside a shed on the property. Ruiz had a key to the shed and the toolbox on his person at the time of the traffic stop. All events occurred in the Western District of Kentucky.

4.      Defendant understands that the charge to which he will plead guilty carry a minimum term of imprisonment of 10 years a maximum term of imprisonment of life, a maximum fine of $10,000,000, and supervised release of at least 5 years and up to any number of years, including life, which the Court may specify. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

6.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

A.      If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury

2

would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

        B.     At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

        C.     At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

        8.     Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which he pleads guilty.

        9.     Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100 to the United States District Court Clerk's Office by the date of sentencing.

10.     At the time of sentencing, the United States will

-recommend a sentence of imprisonment at the lowest end of the applicable Guideline Range, but not less than any mandatory minimum term of imprisonment required by law.

-recommend a fine at the lowest end of the applicable Guideline Range

-recommend a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b), provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains binding and the defendant will not be allowed to withdraw his plea.

-stipulate that the defendant is responsible for at least 5 kilograms and less than 15 kilograms of a substance containing methamphetamine.

11.     Both parties have independently reviewed the Sentencing Guidelines applicable in

this case, and in their best judgment and belief, conclude as follows:

A.      The Applicable Offense Level should be determined at sentencing.

B.      The Criminal History of defendant shall be determined upon

completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c).

Both parties reserve the right to object to the USSG §4A1.1 calculation of

defendant's criminal history.

C.      The foregoing statements of applicability of sections of the

Sentencing Guidelines and the statement of facts are not binding upon the Court.

The defendant understands the Court will independently calculate the Guidelines

at sentencing and defendant may not withdraw the plea of guilty solely because

4

the Court does not agree with either the statement of facts or Sentencing
Guideline application.

12.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742
affords a defendant the right to appeal the sentence imposed.  Unless based on claims of
ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and
voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence
pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack
his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

13.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and
understands and agrees that sentencing may be delayed   The reason for such waiver is so that at
sentencing the Court will have the benefit of all relevant information.

14.     Defendant agrees not to pursue or initiate any civil claims or suits against the
United States of America, its agencies or employees, whether or not presently known to
defendant, arising out of the investigation or prosecution of the offense[s] covered by this
Agreement.

15.     The defendant hereby waives all rights, whether asserted directly or by a
representative, to request or receive from any department or agency of the United States any
records pertaining to the investigation or prosecution of this case, including without limitation
any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the
Privacy Act of 1974, 5 U.S.C. § 552a.

16.     It is understood that pursuant to Fed. R. Crim. P. 11(c)(1)(B), the
recommendations of the United States are not binding on the Court.  In other words, the Court is
not bound by the sentencing recommendation and defendant will have no right to withdraw his

guilty plea if the Court decides not to accept the sentencing recommendation set forth in this Agreement.

17.     Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors.  Defendant states that he has informed the United States Attorney's Office and the Probation Officer, either directly or through his attorney, of all mitigating factors.

18.     This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court.  No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

JOHN E. KUHN, JR.
United States Attorney

By:

_____               5/31/17
                                               _____
Robert B. Bonar                                Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it.

_____               _____  05-31-2017
Yalexi Ruiz                                    Date
Defendant

6

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

Patrick Renn
Counsel for Defendant

5/31/2017

Date